UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

EDDIE MCGREGORY, et al.                                                                                PLAINTIFFS

v.                                                                        CIVIL ACTION NO. 3:05-CV560-S

TRACTEL, INC. f/k/a GRIPHOIST, INC., et al.                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the third-party defendant, Pewag, Inc., to dismiss the Amended Complaint and Amended Intervening Complaint as to it in accordance with Fed.R.Civ.P. 12(b)(6) on the ground that the claims for negligence and strict product liability are barred by Kentucky's one-year statute of limitations for personal injury actions. KRS 413.140(1)(a).[1]

On October 11, 2004, plaintiff Eddie McGregory was employed by Superior Steel Inc. doing work on the construction of the Muhammed Ali Center in Louisville, Kentucky. It is alleged that McGregory was working near a hoist chain plumbing a steel column when the hoist failed, the chain broke, causing the hoist to fly through the air striking McGregory in the head. McGregory was seriously injured, and his wife filed suit against Tractel Inc. f/k/a Griphoist, Inc. and Kentuckiana Wire Rope and Supply, Inc. on October 3, 2005. On August 2, 2006, Tractel filed a third-party complaint against Hangzhou Machinery and Pewag, Inc. seeking indemnity and contribution for any liability to the plaintiffs.

On December 19, 2006, the plaintiffs sought leave to file an Amended Complaint to name Pewag as a direct defendant. The intervening plaintiff, Kentucky Employers' Mutual Insurance

---

[1] The claims for breach of express and implied warranty were voluntarily dismissed.

Company, moved to file an Amended Intervening Complaint to mirror the claims of the plaintiffs. Leave to amend was granted and this motion to dismiss followed.

It appears beyond question that the claims for negligence and strict liability against Peweg are barred by the one-year statute of limitations. *Hogan v. Goodrich Corporation*, 2006 WL 149011, at *4 (W.D.Ky. Jan. 17, 2006). In *McLain v. Dana Corporation*, 16 S.W.3d 320 (Ky.App. 1999) the Kentucky Court of Appeals explained:

> Under Kentucky law, the discovery rule provides that a cause of action accrues when the injury is, or should have been, discovered. [*Michels v. Sklavos*, 869 S.W.2d 728, 732 (Ky. 1994).] However, the discovery rule does not operate to toll the statute of limitations to allow an injured plaintiff to discover the identity of the wrongdoer unless there is fraudulent concealment or a misrepresentation by the defendant of his role in causing the plaintiff's injuries. [*Resthaven Memorial Cemetery, inc. v. Volk*, 150 S.W.2d 908, 912 (Ky. 1941).] A person who has knowledge of an injury is put on "notice to investigate" and discover, within the statutory time constraints, the identity of the tortfeasor. [*McCollum v. Sisters of Charity of Nazareth health Corp.*, 799 S.W.2d 15, 19 (Ky. 1990).] Application of the discovery rule under circumstances as in the case *sub judice* would defeat the very purpose of the limitations. As one court observed, "logic dictates that such an exception is capable of swallowing the rule." [*Simmons v. South Central Skyworker's, Inc.*, 936 F.2d 268, 269 (6th Cir. 1991).

The plaintiffs urge that the recent *Hogan* decision from this district suggests that the discovery rule is to be utilized in conjunction with the statute of limitations for negligence and strict liability claims. However, the court's citation therein to the "discovery rule" in *Louisville Trust Company v. Johns-Manville Products Corporation*, 580 S.W.2d 497 (Ky. 1979) was in the context of the issue in that case - that is, in a latent disease case for employment-related exposure to vinyl chloride. The principle has not been extended beyond the latent disease or fraudulent concealment contexts. Therefore, the plaintiffs and intervening plaintiff have failed to state a claim upon which relief may be granted against Peweg. Fed.R.Civ.P. 12(b)(6).

For the reasons set forth hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the third-party defendant, Pewag,

Inc. to dismiss (DN 57) is **GRANTED** and the Amended Complaint and Amended Intervening Complaint is **DISMISSED AS TO IT.**

**IT IS SO ORDERED.**